# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**AMBASSADOR ABIYAH HA BINYAH**                                            **PETITIONER**

**v.**                                   **CIVIL ACTION NO. 3:15CV-P732-GNS**

**LOUISVILLE METRO CORRS.** *et al.*                                   **RESPONDENTS**

### MEMORANDUM OPINION

Petitioner Ambassador Abiyah Ha Binyah filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254[1] Cases in the United States District Courts. Upon review, the Court directed Petitioner to show cause why his petition should not be dismissed for failure to exhaust his state court remedies. Petitioner did not file a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition for failure to exhaust state court remedies.

Petitioner, a pre-trial detainee at the Louisville Metro Department of Corrections, raises four grounds for relief in his § 2241 petition. First, he states that he has a right as "a foreigner/alien to be tried at the federal venue" and alleges a Fourteenth Amendment Due Process violation. As his second ground for relief, he states "Article III Section 2 of the United States Constitution." He argues that "cases affecting Ambassadors should originate in the Supreme court." Third, Petitioner asserts a "5th Amendment liberty clause" violation. In support thereof, he states that "petitioners liberty from arbitrary or undue external restraint, right from duress, freedom/right from servitude and imprisonment." As his fourth ground for relief,

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

he refers to 28 U.S.C. § 1251(b)(1)(3) and states that "proceedings against an alien (one born without the 'United States') is supposed to begin in the Supreme court."

To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. Michigan*, 644 F.2d at 546; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Rose v. Lundy*, 455 U.S. at 518-19. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, as to each ground for relief he raises, Petitioner states that he has exhausted his administrative or judicial remedies. However, he also indicates in his petition that he is in the beginning stages of challenging the Kentucky court's jurisdiction and venue. He refers to another case he has pending in the Western District of Kentucky in which he filed a notice of removal in an attempt to remove the state criminal charges against him to this Court. *See Commonwealth of Kentucky Paul Smith 14th Amendment v. Abiyah Ha BinYah*, Civil Action

No. 3:15-CV-P624-GNS. As to that action, Petitioner states that he is "awaiting case transfer." A review of the documents filed by Petitioner in civil action number 3:15-CV-P624-GNS reveals that Petitioner was taken into custody by Kentucky on June 5, 2015, and detained in the "Jefferson county corrections." *Id.* at DN 9, p. 4. Petitioner filed the present habeas corpus action on September 14, 2015, approximately three months later. Given that only three months transpired from the time Petitioner was taken into Kentucky custody and the filing of the present action, it is unlikely that Petitioner exhausted his remedies through the Kentucky courts prior to the filing of this action. "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner was given the opportunity to show cause as to why this action should not be dismissed, yet he failed to respond or take any action to satisfy his burden of demonstrating compliance with the exhaustion requirement. Thus, dismissal for failure to exhaust state court remedies is warranted.

For these reasons, this action will be dismissed by separate Order for failure to exhaust state court remedies.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: March 17, 2016

                                                              **Greg N. Stivers, Judge**
                                                              **United States District Court**

cc:      Petitioner, *pro se*
          Respondents
4416.003